IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER ALAN MYERS                                                           PLAINTIFF

VS.                                                         CIVIL ACTION NO. 3:16cv322-FKB

MANAGEMENT & TRAINING
CORPORATION, et al.                                                              DEFENDANTS

## OMNIBUS ORDER

Christopher Alan Myers is a state inmate housed at East Mississippi Correctional Facility (EMCF). He brought this action pursuant to 42 U.S.C. § 1983 alleging that officials at the prison failed to adequately protect him from a sexual assault by another. The Court has held a Spears hearing, and the parties have consented to jurisdiction by the undersigned. Two of the defendants have filed motions to dismiss. Having considered the motions and Plaintiff's testimony at the hearing, the Court finds and rules as follows.

Plaintiff alleges the following: In November of 2015, Plaintiff was moved from Housing Unit 4A to Housing Unit 6A. Plaintiff is homosexual, and most of the inmates on Unit 6A are gang members. Immediately after his transfer, he began complaining to prison officials that he did not feel safe on the unit and asking to be moved. Plaintiff explained that inmates were harassing him, threatening him, and stealing his personal property. Nevertheless, Plaintiff remained on the unit, and on February 14, 2016, he was sexually assaulting during the night by an inmate he identified as "Lobo." The inmate was able to enter Plaintiff's cell because, contrary to prison policy, the cell doors in the unit are routinely left unsecured at night.

Defendant Evelyn Dunn has filed a motion to dismiss for failure to state a claim. [24]. Ms. Dunn is a psychiatric nurse practitioner at EMCF. According to Plaintiff, prior to his assault, he filled out a medical request form stating that he would kill himself if he was not moved out of the unit. Thereafter, he saw Ms. Dunn and told her that his mental health was suffering (Plaintiff is bipolar and suffers from depression). After talking with Plaintiff, Ms. Dunn referred the matter to Lt. Cooney. At the omnibus hearing, Plaintiff explained that he was suing Ms. Dunn because he believes she could have done more to try to influence prison security officials to have him moved.

In order to recover against Ms. Dunn under § 1983 for her failure to protect him from the assault, Plaintiff must establish that she was deliberately indifferent to the risk that he would be harmed. *See Williams v. Hampton*, 797 F.3d 276 (5th Cir. 2015). Plaintiff's allegations do not rise to this level. Indeed, he admits that she took action; he merely disagrees with whether she could have "tried harder." For this reason, Dunn's motion is granted, and the claim against her is hereby dismissed.

Also before the Court is the motion for summary judgment filed by Frank Shaw, EMCF Warden. [29]. As clarified at the omnibus hearing, Plaintiff's allegation concerning Shaw is that he knowingly failed to enforce the prison's requirement that cells be locked at night, thereby allowing the conditions under which the assault occurred. In his motion, Shaw argues that Plaintiff failed to exhaust his prison administrative remedies as to this claim.

Shaw's motion and Plaintiff's testimony establish that Plaintiff filed two grievances related to the issue of his safety on the unit. The first was filed

2

approximately one week prior to the assault. *See* [29-1] at 6. In it, he stated that he was being harassed by gang members and that he did not feel safe. He also complained that his personal property had been stolen from his cell. He requested that his property be replaced and that he be moved to a different housing unit. Plaintiff's other grievance was filed approximately two weeks after the assault. *See* [29-2] at 6. In this grievance, he complained that the assault would not have occurred had officials heeded his requests to be moved. He asked that he be moved, that two prison officers be reprimanded, and that he be awarded damages.

    The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust his administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998). This exhaustion requirement applies to all inmate suits about prison life. *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002). The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory and non-discretionary. *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012). Shaw argues that the claim against him is unexhausted, as Plaintiff in his grievances never raised any issue regarding compliance with nightly lockdown procedures.

    In order to satisfy the exhaustion requirement, a grievance must be specific enough that it alerts prison officials to the problem of which the prisoner is complaining and provides them with a fair opportunity to address it. *Johnson v. Johnson*, 385 F.3d 503, 516-17 (5th Cir. 2004). In the context of Shaw's argument, the relevant question is whether prison officials would have realized, under the circumstances, that the failure

3

to lock the cells at night was a contributing component to the safety threat of which Plaintiff was complaining.  And to answer that question, the Court would need some idea of what those circumstances were, including the actual policies and procedures concerning nightly lockdown.  The evidence currently before the Court is not sufficient for this purpose.  Accordingly, Shaw's motion is hereby denied.

This matter is set for a bench trial before the undersigned on Wednesday, April 25, 2018, at 1:30 p.m.

Plaintiff has indicated that he desires to have Broderick Powell, an inmate at EMCF, testify at trial on his behalf.  The Court will secure the presence of Mr. Broderick at trial if he is in MDOC custody at that time.  Should he become free world prior to trial, Plaintiff shall be responsible for securing his presence at the trial.  Should he refuse to appear voluntarily, Plaintiff shall adhere to the following procedure to secure the witness's presence.  No later than thirty days prior to trial, Plaintiff shall file a motion requesting a subpoena to be issued for the witness.  The request shall include the name and address of the witness, and shall be accompanied by the witness fee and expense payment required by Rule 45 of the Federal Rules of Civil Procedure.

At the hearing, Defendants produced to Plaintiff their witness and exhibit lists, Plaintiff's institutional medical records for the relevant time period, and his institutional file.  Additional discovery shall be limited to 25 interrogatories, 25 requests for admission, and 25 requests for production.  All discovery shall be completed by

February 7, 2018.  Any dispositive motions shall be filed by March 7, 2018.

    SO ORDERED this the 31st day of July, 2017.

                                          <u>/s/ F. Keith Ball</u>
                                          UNITED STATES MAGISTRATE JUDGE